IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EVELYN J. TAYLOR, | ) | CASE NO. 1:08 CV 517 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Evelyn J. Taylor, for disability insurance benefits.  The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Taylor had severe impairments consisting of sickle cell trait, history of glaucoma, history of retinal detachment, diabetic retinopathy, obesity, hypertension, sleep apnea, blindness of the left eye and glaucoma of the right eye, a history of depressive syndrome, and a history of GERD.[1]  The ALJ made the following finding regarding Taylor's residual functional capacity:

> The claimant retains the residual functional capacity to lift up to 20 pounds maximum with frequent lifting or carrying of objects weighing up to 10 pounds with the ability to sit, stand, and walk for significant periods of time

---

[1] Transcript ("Tr.") at 19.

but with a requirement that the claimant perform work which would not require good depth perception; and a restriction against work where she would have to work at unprotected heights, around moving machinery or hazards, or perform driving for work purposes.[2]

The ALJ determined that the above-quoted residual functional capacity did not preclude Taylor from performing her past relevant work as a supervisor as that job is generally performed in the national economy.[3] The ALJ, therefore, found Taylor not under a disability.[4]

Taylor asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. She presents one issue for decision on judicial review:

> Whether the ALJ's finding that Ms. Taylor is capable of performing past relevant work is supported by substantial evidence when the evidence does not support a finding that Ms. Taylor is capable of performing light work activity.[5]

I conclude that substantial evidence supports the ALJ's residual functional capacity finding and the finding that Taylor can perform her past relevant work. The decision of the Commissioner denying her application for disability insurance benefits must, therefore, be affirmed.

---

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] ECF # 15 at 1.

**Analysis**

**1.     Standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[6]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence.  If such is the case, the Commissioner survives "a directed verdict" and wins.[7]  The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[8]

---

[6] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[7] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[8] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## 2. The residual functional capacity finding

This is a straightforward case involving application of the substantial evidence standard. The ALJ decided the case at step four based on a light residual functional capacity with minimal additional limitations. A medical expert testified that Taylor could do light work with certain limitations.[9] A vocational expert testified that this residual functional capacity permitted Taylor to perform her past relevant work.[10] The ALJ followed form based on these opinions and found Taylor not disabled.[11]

Taylor has multiple impairments including Sickle cell anemia, diabetes, and a vision problem, all complicated by obesity. She works four hours a day as a general cleaner.[12] She testified that at the end of four hours she cannot go on and, in particular, cannot stand and walk.[13]

As for her ability to stand or walk, her x-rays show only mild osteoarthritis in the knees.[14] Her primary care physician, Geeta Gupta, M.D., did a residual functional capacity

---

[9] Tr. at 410-11.

[10] *Id.* at 421.

[11] *Id.* at 30.

[12] *Id.* at 425.

[13] *Id.* at 427-29.

[14] *Id.* at 396.

assessment opining that Taylor could not do sustained work activity.[15] The opinion did not, however, impose specific work-related limitations and did not identify any impairments involving the legs.[16] Conclusory statements by treating sources that a claimant is unable to work are not entitled to deference under the regulations.[17]

There is evidence on both sides here, which counsel competently lay out in their briefs.[18] The question is whether the evidence relied on by the ALJ is enough to meet the substantial evidence standard. The ALJ has the medical expert's and the vocational expert's testimony, which, if supported by the record, is enough under the substantial evidence standard.[19]

Taylor places substantial reliance on the testimony of the medical expert that her complaints of difficulty being on her feet more than four hours a day are reasonable.[20] This is not necessarily dispositive and does not necessarily cancel out the medical expert's residual functional capacity opinion. In other words, it does not necessarily follow that the ALJ's residual functional capacity finding and her finding that Taylor's complaints were not

---

[15] *Id.* at 207.

[16] *Id.* at 206, 207.

[17] *Schuler v. Comm'r of Soc. Sec.*, 109 F. App'x 97, 101 (6th Cir. 2004); 20 C.F.R. § 404.1527(e)(1).

[18] ECF # 14 at 5-8 (Commissioner); ECF # 15 at 2, 4, 5 (Taylor).

[19] *E.g.*, *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

[20] Tr. at 419-20.

fully credible lack substantial evidence merely because those complaints may have been reasonable.

The ALJ's findings as to credibility are entitled to deference because she had the opportunity to observe the claimant and assess her subjective complaints.[21] The Court may not disturb the ALJ's credibility determination absent compelling reason.[22] The ALJ here did provide an extensive articulation as to the credibility finding.[23] I am satisfied that the ALJ did consider the relevant evidence and that a reasonable mind might accept that evidence as adequate to support the ALJ's credibility finding.[24] There exists, therefore, no compelling reason for me to disturb that finding.

This is a difficult case because, from my perspective, Taylor presented a good case for a favorable decision on *de novo* review. She may even have the preponderance of the evidence in her favor. Under the substantial evidence standard of review, however, if reasonable minds could reach different conclusions on the evidence, the Commissioner wins.[25] The court may not disturb the Commissioner's findings even if the preponderance

---

[21] *Buxton*, 246 F.3d 773.

[22] *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

[23] Tr. at 17-18.

[24] *Buxton*, 246 F.3d at 772.

[25] *LeMaster*, 802 F.2d at 840.

of the evidence favors the claimant.[26]  Here, "substantial evidence" supports the ALJ's decision.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Taylor had no disability.  Accordingly, the decision of the Commissioner denying Taylor disability insurance benefits is affirmed.

IT IS SO ORDERED.

Dated:  September 28, 2009                             s/ William H. Baughman, Jr.
                                                       United States Magistrate Judge

---

[26] *Rogers*, 486 F.3d at 241.